ON PETITION FOR WRIT OF CERTIORARI

DAN LEE, Chief Justice, for the Court:
Jeffrey Richardson died in 1991 and his will was probated in the Chancery Court of Jackson County. The will made several bequests and contained a residuary clause disposing of any remaining property. During the course of the probate proceedings, it was alleged that Richardson’s death was related to asbestos exposure and that there were illegitimate children who might be wrongful death beneficiaries.
The administrator filed a petition to determine the heirship of these individuals. This petition was not filed as a separate action but was instead made a part of the probate proceedings. No answer was filed and no formal proceeding was ever held; however, the chancellor entered an order finding that certain persons were in fact Richardson’s illegitimate children and therefore also his legal heirs. A motion to set aside the order was denied as untimely and the matter was appealed.
The Court of Appeals found that the heir-ship determination was irrelevant as to any property which passed through the estate .and therefore the proceeding was not authorized by Miss.Code Ann. § 91-1-27. The appellate court further found that Miss Code Ann. § 11-7-13 assigned the interest in any wrongful death proceeds to the beneficiaries only and that the administrator had no standing to seek an heirship determination for that purpose.
Miss.Code Ann. § 91-1-27 provides in relevant part:
In all eases in which persons have died, or may hereafter die, wholly or partially intestate, having property, real or personal, any heir at law of such person, or any one interested in any of the property as to which he shall have died intestate, may petition the chancery court of the county in which said deceased had his ... residence, or in which any part of his real estate may be situated ... setting forth the fact that said person died wholly or partially intestate ... and praying that the person named in said petition be recognized and decreed to be the heir at law of said deceased.
(Emphasis added).
Petitioner argues that the administrator qualifies as “any one interested in any of the property” even though the decedent left no property intestate that would require an heirship determination before the estate could be settled. Petitioner cites Smith v. Estate of King, 579 So.2d 1250 (Miss.1991), for the proposition that an administrator has an affirmative duty to determine and disclose the existence of potential heirs and claimants. Smith involved the estate of a decedent who died intestate.
Although the present case involves an estate with a will that disposed of all property passing through the estate, an administrator, in his capacity as a proponent of will, “may make all interested persons parties to his application to probate the will.” Miss Code Ann. § 91-7-19. Further, Miss.Code Ann. §§ 91-7-295 and 297 require an administrator to state specifically the names of all heirs “so far as known” and issue summons to “all parties interested” before a final account may be allowed. An administrator cannot possibly comply with this statute unless he first determines the extent and identity of all known or reputed heirs.
Miss.Code Ann. § 11-7-13 provides that an illegitimate child may recover damages for the death of his natural father “if the survivor has or established the right to inherit from the deceased under Section 91-1-15.” Since the personal representative of the decedent is expressly authorized by statute to commence a wrongful death action for *589 the benefit of all heirs entitled to recover, the personal representative has sufficient standing to determine heirship. Once he became aware of their existence, the administrator was certainly authorized to determine the heirship of reputed illegitimate children for purposes of the wrongful death statute. An administrator of an estate has both the standing and the duty to file a petition to determine heirs.
In order to be declared heirs, the illegitimate children of Jeffrey Richardson are required to establish paternity by clear and convincing evidence. Ivy v. Illinois Central Gulf Railroad Co., 510 So.2d 520 (Miss.1987). Miss.Code Ann. § 91-1-29 provides that a petition to determine heirs shall proceed as any other cause in chancery court and that all putative heirs shall be cited to appear. Although notice of the April 22, 1992, hearing was given, there is no record that a formal hearing was ever held or that any interested party gave testimony or offered proof of paternity. The chancellor erred in failing to hold such a hearing. Further, the record indicates that no order continuing or resetting the matter was ever entered for the March 1993 date on which the chancellor entered his determination of heirship. See MRCP 81(d). The chancellor abused his discretion in failing to set aside the order in question. MRCP 60(b)(6).
The decision of the Court of Appeals is hereby reversed and this matter is remanded to the Chancery Court of Jackson County for the purpose of conducting a formal hearing to determine the heirs of Jeffrey Richardson.
REVERSED AND REMANDED.
PRATHER and SULLIVAN, P.JJ., PITTMAN, BANKS, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
McRAE, J., not participating.